[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13724
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-24418-CMA

GLORIA FERNANDEZ,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 25, 2016)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

An Administrative Law Judge ("ALJ") denied Gloria Fernandez's application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), 42 U.S.C. §§ 405(g), 1383(c)(3), and the Appeals Council denied her request to review the ALJ's decision. The Commissioner therefore denied Ms. Fernandez the benefits and income she seeks.

Ms. Fernandez brought this action to obtain review of the Commissioner's decision. The District Court, on motion for summary judgment, affirmed it. Ms. Fernandez appeals the court's judgment raising one issue: whether the ALJ, in denying her application, erred by discounting the opinion of her treating psychiatrist, Fernando Mendez-Villamil, M.D., that she is disabled and unable to work.

Since the Appeals Council denied review of the ALJ's decision, we review the ALJ's decision as the Commissioner's decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The precise question before us is whether the ALJ properly applied the standards found in 20 C.F.R. § 404.1527(c)(2) in evaluating the medical opinion—in particular, Dr. Mendez-Villamil's opinion. We review her evaluation for substantial evidence,[1] and her application of legal principles *de novo. Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

---

[1] In doing so, we do not reweigh the evidence, or substitute our own judgment for that of the ALJ. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Thus, so long as her decision is supported by substantial evidence, we must affirm that decision, even if the

Eligibility for SSI or DIB requires that the claimant is under a disability. 42 U.S.C. §§ 423(a)(1), 1382(a)(1)-(2). In relevant part, a claimant is under a disability if she is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The claimant bears the burden of proving her disability, and she is responsible for producing evidence in support of her claim. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

The Commissioner uses a five-step, sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under the first step, the claimant must show that she is not currently engaged in substantial gainful activity. *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). At the second step, the claimant must show that she has a severe impairment. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The regulations define a severe impairment as an "impairment or combination of impairments which significantly limit[] [the claimant's] physical or mental ability to do basic work activities." *Id.* §§ 404.1520(c), 416.920(a)(4)(c). Third, the claimant has the opportunity to show that the impairment meets or equals the criteria contained in

---

evidence may preponderate against it. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004).

one of the Listings of Impairments. *See id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, if the claimant cannot meet or equal the criteria in one of the Listings, the ALJ considers the claimant's residual functional capacity ("RFC") and the claimant's past relevant work to determine if she has an impairment that prevents her from performing her past relevant work. *See id.* §§ 404.1520(a)(4)(iv), (e), 416.920(a)(4)(iv), (e). Finally, once a claimant establishes that she cannot perform her past relevant work due to some severe impairment, the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can perform. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).

The Social Security Regulations define a "treating source" as a medical source, including a physician, who has provided the claimant with medical treatment and has, or previously had, an ongoing treatment relationship with the claimant. 20 C.F.R. § 404.1502. A treating source is generally afforded more weight because "these sources are more likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." *Id.* §§ 404.1527(c)(2), 416.927(c)(2).

Dr. Mendez-Villamil is Ms. Fernandez's treating source because he is her treating physician. As such, the ALJ was required to give his opinion "substantial or considerable weight" unless there was good cause not to do so. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (providing that a treating source's opinion is not given controlling weight if it is inconsistent with the other substantial evidence). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179. The opinion of a non-examining physician, standing alone, does not constitute good cause if it contradicts the opinion of a treating physician. *Lamb v. Bowen,* 847 F.2d 698, 703 (11th Cir. 1988). The ALJ must clearly articulate his reasons for giving less weight to the treating physician's opinion, and the failure to do so is reversible error. *Lewis*, 125 F.3d at 1440. However, where the ALJ articulates specific reasons for failing to give the opinion of a treating physician controlling weight, there is no reversible error. *Moore*, 405 F.3d at 1212. When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the opinion based on: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the

5

opinion; (4) consistency with the record as a whole; (5) specialization in the relevant medical issues; and (6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2).

The question here is whether the ALJ articulated good cause for giving limited weight to Dr. Mendez-Villamil's opinion of Ms. Fernandez's mental impairments and her ability to work. *Lewis*, 125 F.3d at 1440. In assessing the opinion evidence, the ALJ recounted the history of Ms. Fernandez's medical impairments, considered the treatment notes provided by Dr. Mendez-Villamil, and reviewed the opinion evidence provided by the psychologists, Dr. James Brown, Dr. Pauline Hightower, and Dr. Maribel Del Rio-Roberts. After conducting this review of the record, the ALJ concluded that Dr. Mendez-Villamil's opinion was conclusory and inconsistent with his own treatment notes. Accordingly, the ALJ clearly articulated her reasons for assigning limited weight to his opinion. *See Lewis*, 125 F.3d at 1440.

Furthermore, the ALJ's articulated reasons are supported by substantial evidence. *See Moore*, 405 F.3d at 1212. Dr. Mendez-Villamil's positive findings concerning Ms. Fernandez's mental status were inconsistent with his abrupt and unexplained conclusion that her capacity for social interaction was extremely impaired. Additionally, Dr. Mendez-Villamil's own treatment notes reveal that he treated her through a course of minor, routine adjustments to her medications. As

6

the ALJ noted, this conservative course of treatment was inconsistent with Dr. Menndez-Villamil's dire prognosis of complete inability to work and extreme impairment.  Accordingly, the ALJ had good cause not to give the doctor's opinion substantial weight, as his opinion was conclusory and inconsistent with his own medical records.  *See Winschel*, 631 F.3d at 1179.

Finally, the ALJ did not err by affording more weight to the opinions of Drs. Brown, Hightower, and Del Rio-Roberts.  As noted above, the ALJ's decision to partially discount Dr. Mendez-Villamil's opinion was based upon his treatment notes and the record as a whole, not solely upon the opinions of the three psychologists.  Thus, the ALJ did not err by assigning limited weight to his opinion as it pertained to Ms. Fernandez's mental impairments and ability to work.

AFFIRMED.